IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN ALQUIN,<br>Individually and as Administrator<br>Pendente Lite of the ESTATE OF<br>EUGENE W. ALQUIN, JR.,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CIVIL ACTION NO. 23-1586<br><br>MAGISTRATE JUDGE DODGE<br><br><br><br><br>*(Electronically filed)* |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, the United States of America ("United States"), by and through its undersigned counsel, and files the following Answer to Plaintiff Karen Alquin's ("Plaintiff") Complaint, stating as follows:

## PLAINTIFF[1]

1. After reasonable investigation, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2. The allegations in Paragraph 2 constitute legal conclusions, to which no response is required. To the extent a response is required, the same are denied.

3. The allegations in Paragraph 3 constitute legal conclusions, to which no response is required.

---

[1] For purposes of this Answer only, the United States adopts and restates the section headings used by Plaintiff in her Complaint. The United States does so solely for the Court and the Parties' ease of review, and states that the use of said headings here should not be construed as the United States' agreement with or admission to any factual allegation or legal conclusion set forth in the Complaint.

4. The United States admits only that Plaintiff purports to bring a professional negligence claim for damages against the United States through her Complaint. After reasonable investigation, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining allegations in Paragraph 4, inclusive of subsections a. – b., and therefore denies the same.

5. After reasonable investigation, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same.

## **DEFENDANT**

6. The allegations in Paragraph 6 constitute legal conclusions, to which no response is required.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. The United States admits that Plaintiff purports to bring a professional negligence claim against the United States through her Complaint.

12. Admitted.

13. After reasonable investigation, the United States lacks knowledge or information sufficient to form a belief as to the meaning Plaintiff assigns to the term "traded," and therefore denies all allegation regarding the same. The remaining allegations in Paragraph 13 are admitted.

## JURISDICTION AND VENUE

14. The allegations in Paragraph 14 constitute legal conclusions, to which no response is required.

15. Admitted.

16. Admitted. By way of further response, the United States avers that the letter referenced in Paragraph 16 is a document, the contents of which speak for themselves.

17. Admitted. By way of further response, the United States avers that the letter referenced in Paragraph 17 is a document, the contents of which speak for themselves.

18. The allegations in Paragraph 18 constitute legal conclusions as to venue, to which no response is required. To the extent a response is required, the same are denied.

19. The allegations in Paragraph 19 constitute legal conclusions, to which no response is required. To the extent a response is required, the same are denied.

## FACTUAL BACKGROUND

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

## COUNT I
## Wrongful Death

32. The United States incorporates by reference its answers to Paragraphs 1-31, above, as if fully set forth herein.

33. The allegations in Paragraph 33 constitute legal conclusions, to which no response is required. To the extent a response is required, the same are denied.

34. The allegations in Paragraph 34 constitute legal conclusions, to which no response is required.

35. The allegations in Paragraph 35 constitute legal conclusions, to which no response is required.

36. The allegations contained in Paragraph 36, inclusive of subsections a. – qqq., are denied.

37. The allegations contained in Paragraph 37 are admitted in part and denied in part. It is admitted only that Mr. Alquin died on September 2, 2020. The remaining allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38, inclusive of subsections a. – f., are denied.

The remainder of Count I sets forth Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of negligence set forth in the Complaint and denies Plaintiff's Prayer for Relief. The United States denies that a board of arbitrators is applicable to this action. The United States also denies that Plaintiff is entitled to a jury trial against it, and any and all allegations of fact not expressly admitted

in this Answer.

## COUNT II
### Survival

39. The United States incorporates by reference its answers to Paragraphs 1-38, above, as if fully set forth herein.

40. The allegations contained in Paragraph 40, inclusive of subparts a. – e., are denied.

The remainder of Count II sets forth Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed necessary, the United States denies the allegations of negligence set forth in the Complaint and denies Plaintiff's Prayer for Relief. The United States denies that a board of arbitrators is applicable to this action. The United States also denies that Plaintiff is entitled to a jury trial against it, and any and all allegations of fact not expressly admitted in this Answer.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The injuries or damages, or both, alleged in the Complaint were proximately caused by the acts and omissions to act of the Plaintiff's Decedent.

### THIRD DEFENSE

The injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent, careless, or wrongful act or omission of any employee of the United States acting within the scope and course of employment.

### FOURTH DEFENSE

Plaintiff's claim for damages is limited to damages recoverable under 28 U.S.C. § 2674.

**FIFTH DEFENSE**

If the United States is found liable, which the United States expressly denies, Plaintiff is prohibiting from seeking damages outside the scope or over the amount set forth in her corresponding and properly-exhausted administrative claim. 28 U.S.C. § 2675(b).

**SIXTH DEFENSE**

The United States is entitled to have its liability for Plaintiff's damages, if any, reduced according to law of comparative fault. 42 Pa. Stat. and Consol. Stat. Ann. § 7102 (West 2018).

**SEVENTH DEFENSE**

The United States and its agents, employees, and representatives exercised due care and diligence at all times and in all matters alleged in the Complaint, and no act or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiff.

**EIGHTH DEFENSE**

Attorney's fees are taken out of the judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

**NINTH DEFENSE**

The United States is not liable for prejudgment interest or punitive damages under 28 U.S.C. § 2674.

**TENTH DEFENSE**

Plaintiff is precluded from recovering damages for past medical expenses or past lost earnings to the extent such losses have already been covered by private or public benefit. PA. STAT. ANN. tit. 40, § 1303.508 (West 2018).

**ELEVENTH DEFENSE**

The concurrent acts of others, and not of the United States, were the proximate cause of the occurrence set forth in Plaintiff's Complaint. Plaintiff is therefore barred from recovery and/or limited with respect to recovery.

**TWELFTH DEFENSE**

The acts of others, and not the United States, were the sole and proximate intervening and/or superseding cause of the occurrence set forth in Plaintiff's Complaint. Plaintiff is therefore barred from recovery and/or limited with respect to recovery.

**THIRTEENTH DEFENSE**

Plaintiff has failed to mitigate any alleged damages and is therefore barred from recovery and/or limited with respect to recovery.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to a jury trial against the United States in a Federal Tort Claims Act action. 28 U.S.C. § 2402.

**FIFTEENTH DEFENSE**

Plaintiff may not have exhausted her administrative remedies and/or preserved her claim.

**SIXTEENTH DEFENSE**

Any determinations and/or findings made by a compensation and pension physician pursuant to 38 U.S.C. § 1151 are not binding on this Court.

**SEVENTEENTH DEFENSE**

The United States asserts that it has, or may have, additional affirmative or other defenses which are not known at this time, but which may be ascertained through discovery. The United

States specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice; that judgment be entered in favor of Defendant and against Plaintiff; and that Defendant be awarded attorney's fees, costs of suit, and other further relief as the Court deems just and proper.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ April L. Cressler*
APRIL L. CRESSLER
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel.: (412) 894-7451
Fax: (412) 644-6995
Email: april.cressler@usdoj.gov
PA ID No. 308353

*Counsel for Defendant*

OF COUNSEL:
Lisa Wolfe
Staff Attorney
Department of Veterans Affairs
Torts Law Group

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2023, a true and correct copy of the within Defendant's Answer to Plaintiff's Complaint was served via electronic filing and/or first-class mail to and upon the following:

Benjamin J. Gobel, Esquire
Ogg, Murphy & Perkosky LLP
245 Fort Pitt Blvd
Pittsburgh, PA 15222

*Counsel for Plaintiff*

*/s/ April L. Cressler*
APRIL L. CRESSLER
Assistant U.S. Attorney